IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 6:09-cv-06001-RTD |
| | ) |
| ANNA EMERSON, | ) |
| | ) |
| Defendant. | ) |

ORDER OF SALE

Judgment was entered in favor of the United States and against Anna Emerson foreclosing the federal tax liens against real property ("the Property"), which is legally described as:

> Lot #1368, Section K, Diamondhead Subdivision, Garland County, Arkansas as shown by the recorded plat thereof as recorded in book 769, page 588 of Garland County, Arkansas.

Accordingly, it is hereby ORDERED as follows:

1. The Property Appraisal and Liquidation Specialist of the Internal Revenue Service ("PALS") is authorized and directed under 28 U.S.C. §§ 2001, 2002 and 2004 to offer for public sale and to sell the Property without further order or process.

2. PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed to the Property is delivered to the ultimate purchaser(s).

3. The terms and conditions of the sale are as follows:

a. The sale of the Property shall be free and clear of any interests of Arthur Emerson or Anna Emerson;

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. The sale shall be held either at the courthouse of the county in which the Property is located or on the Property's premises. The date and time for the sale shall be determined and announced by PALS;

d. PALS is permitted to enter the premises, and prospective buyers shall be allowed to conduct an inspection of the exterior and interior of the Property at such time as PALS shall determine to be reasonable and convenient;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the parcels are located, and at the discretion of PALS, by any other notice as PALS deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. The minimum bid(s) are to be set forth in the notice. If the minimum bid(s) is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a

new public sale, if necessary, and the United States may reduce the minimum bid(s);

 g. The successful bidder(s) shall be required to deposit a minimum of ten percent of the bid(s), with the deposit to be made by money order, certified or cashier's check, payable to the United States Treasury. Before being permitted to bid at the sale, bidders shall display to the PALS representative the proof that they are able to comply with this requirement. No bids will be received from any persons who have not presented proof that, if they are successful bidders, they can make the deposit required by this order of sale.

 h. The successful bidder(s) shall tender the balance of the purchase price for the Property to the PALS employee, at a time and place designated by him or her, within sixty (60) days after the date the bid(s) is accepted, by a certified or cashier's check or money order, payable to the United States Treasury. If the bidder(s) fails to fulfill this requirement, the deposit shall be forfeited and retained by the IRS as part of the proceeds of sale. The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, the Property may be sold to the second highest bidder(s) from the previous auction, if above the minimum bid(s), without the necessity of conducting another auction. The United States may bid as a credit against its judgment without tender of cash. PALS shall make report of the sale of the Property, with its proceedings

endorsed thereon, showing the manner in which it has executed the same, within sixty days from the date of the sale of the Property;

i. The sale of the Property shall be subject to confirmation by this Court. Upon confirmation of the sale, PALS shall execute and deliver a quit claim deed conveying the Property to the purchaser(s). Upon confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished. Upon confirmation of the sale, the Register of Deeds of the county in which the property is located shall cause transfer of the Property to be reflected upon that county's register of title; and

j. The sale is ordered in accordance with 28 U.S.C. § 2001, and is made without right of redemption;

4. Until the Property is sold, Anna Emerson shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition, including, without limitation, maintaining a fire and casualty insurance policies on the Property. Anna Emerson shall neither commit waste against the Property nor cause or permit anyone else to do so. She shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Anna Emerson shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

5. All persons occupying the Property shall permanently leave and vacate the Property within 30 days of the date this order is filed or the date on which a copy of it is delivered to defendants, whichever is later, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, PALS, in coordination with the United States Marshal and his deputies, is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and PALS is authorized to remove it and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be held for further distribution as ordered by the Court.

6. Upon sale of the Property, PALS will keep the proceeds of sale and the IRS shall apply any amounts received, minus administrative costs, to Arthur Emerson's outstanding federal income tax liabilities for the years 2000 and/or 2002.

Dated: September 29, 2009

Hon. Robert T. Dawson
United States District Court
Western District of Arkansas

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 29 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK